UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TOMMY SCOTT MILLER, | ) | |
| --- | --- | --- |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | No.: 3:07-cv-426 |
| | ) | (VARLAN/SHIRLEY) |
| TONY PARKER, Warden, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Tommy Scott Miller ("Miller"). The respondent has filed his response to the petition, Miller has filed his reply to the response, and Miller has filed a motion for summary judgment. For the following reasons, the petitioner's motion for summary judgment will be **DENIED**, the petition for the writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

I.   Standard of Review

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Miller is

not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Miller challenges his 2006 Knox County, Tennessee, conviction for theft. The respondent has provided the court with copies of the relevant documents as to Miller's state court proceedings. [Doc. 14, Notice of Filing Documents, Addenda 1-4]. On February 23, 2006, Miller pleaded guilty to theft, a class E felony, and was sentenced to two (2) years in prison. [Addendum 1, Judgment of Conviction, Knox County Criminal No. 83925]. He did not file a direct appeal.

On April 26, 2006, Miller filed a state petition for post-conviction relief, in which he alleged that the prosecution failed to disclose evidence favorable to the defense and that his rights to due process and equal protection were violated. [Addendum 2, Technical Record of Appeal from Dismissal of Post-Conviction Relief, pp. 1-15]. In an amendment to the petition, petitioner alleged his sentence was voidable under state law. [*Id*. at 26-28]. After a hearing, the trial court dismissed the petition [*id*. at 78] and Miller appealed [*id*. at 79].

On March 13, 2007, the Tennessee Court of Criminal Appeals ordered Miller to show cause why his appeal should not be dismissed for failure to timely file his brief. [Addendum 3, Document 1]. On May 14, 2007, the appellate court dismissed the appeal because Miller failed to file his brief or otherwise respond to the show cause order. [*Id*., Document 2]. Miller then filed an application for extraordinary appeal with the Tennessee Court of

Criminal Appeals [Addendum 4, Document 1], which was denied [*id.*, Document 2], and the Tennessee Supreme Court denied permission to appeal [*id.*, Document 4].

In support of his petition for the writ of habeas corpus, Miller alleges the following: (1) the State failed to disclose exculpatory evidence and/or information favorable to the defense; (2) the trial court lacked jurisdiction to convict and sentence him for a felony theft offense; and (3) the post-conviction court illegally dismissed Miller's post-conviction petition. The respondent contends that Miller has procedurally defaulted his first two claims and that his third claim fails to state a cognizable basis for habeas relief.

III.     Procedural Default

The doctrine of procedural default is an extension of the exhaustion doctrine. A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review."). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Miller cannot file another state petition for post-conviction relief. Tenn. Code Ann. § 40-30-102(c). Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his conviction and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

Miller raised the first two claims in his state post-conviction petition. By failing to pursue the claims on appeal, however, he defaulted those claims. Moreover, Miller has failed to demonstrate cause and actual prejudice to excuse his default. Accordingly, Miller cannot

4

now raise in this court his claims that the State failed to disclose exculpatory evidence or that the trial court lacked jurisdiction to convict and sentence him.

IV. Non-cognizable Claim

To the extent Miller alleges the post-conviction court illegally dismissed his post-conviction petition, his allegation does not state a claim of constitutional dimensions.

> Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.

*Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citations omitted). *See also Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir. 1981).

V. Conclusion

Miller's motion for summary judgment will be **DENIED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Miller having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of

Appellate Procedure.  The court will further **DENY** Miller leave to proceed *in forma pauperis* on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**


                                         s/ Thomas A. Varlan  
                                         UNITED STATES DISTRICT JUDGE